UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-cv-23429-Ungaro

MITCHELL ROSARIO,

    Plaintiff,

vs.

**JURY TRIAL DEMANDED**

12425, INC., a Florida for-profit corporation d/b/a
STIR CRAZY, LAURA INSUA, MANUEL
INSUA, and HERIBERTO FLOREZ,

    Defendants.
_____/

## AMENDED COMPLAINT FOR DAMAGES

Plaintiff, MITCHELL ROSARIO ("ROSARIO"), files this Amended Complaint against the Defendants, 12425, INC., a Florida for-profit corporation d/b/a STIR CRAZY, (hereinafter "12425"), LAURA INSUA, (hereinafter "L. INSUA") MANUEL INSUA, (hereinafter "M. INSUA"), and HERIBERTO FLOREZ (hereinafter, "FLOREZ") states as follows:

### INTRODUCTION

1. This is an action to recover unpaid minimum wage and overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"). Plaintiff, Rosario, also brings a claim for minimum wage compensation pursuant to Article X Section 24 of the Florida Constitution (hereinafter, the "Florida Minimum Wage Amendment" or "FMWA") and Section 448.110 Florida Statutes. In addition, the Plaintiff further brings a claim for retaliation pursuant to the FLSA, the FMWA and Section 448.110 Florida Statutes. Finally, the Plaintiff brings a claim for unjust enrichment.

## JURISDICTION

1. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331. At all times pertinent to this Complaint, the corporate Defendant, 12425, was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

2. Defendants operated an adult exotic dance club. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business and had moved in interstate commerce.

3. During the period of Plaintiff's working relationship with the Defendants, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

4. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

5. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

6. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

  b.  Defendants are and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

7. At all times material hereto, Plaintiff, ROSARIO, was and continues to be a resident of Homestead, Miami-Dade County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

8. At all times material hereto, Defendants, 12425, L. INSUA, M. INSUA and FLOREZ were the employers of Plaintiff.

9. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, Article X Section 24 of the Florida Constitution and Section 448.110, Florida Statutes.

10. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, ROSARIO his lawfully earned wages in conformance with the FLSA, the FMWA and Section 448.110.

11. At all times material hereto, the corporate Defendant, 12425 was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, the work performed by Plaintiff, ROSARIO was directly essential to the business performed by the Defendants.

13. At all times material hereto, Defendants, L. INSUA, M. INSUA, and FLOREZ supervised the work of the Plaintiff, and/or were involved in the day-to-day operations of the Defendant corporation.

14. At all times material hereto, Defendants, L. INSUA, M. INSUA, and FLOREZ were directly involved in decisions affecting employee compensation and/or hours worked by the Plaintiff.

15. Plaintiff, ROSARIO has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATMENT OF FACTS

16. In or about 2001, Plaintiff, ROSARIO began working for Defendants as a disc jockey at the Defendants' adult exotic dancing club (the "club").

17. During Plaintiff's employment, he regularly worked more than 40 hours per week, however, the Defendants paid him nothing as wages for his work hours. Instead, and to the contrary, the Plaintiff was required to pay the Defendants $25.00 for each shift he worked.

18. On September 13, 2013, the Plaintiff complained to the Defendants about their failure to pay overtime and minimum wages. This was done *via* a letter sent by the Plaintiff's undersigned counsel, to the Defendants.

19. In the evening of September 21, 2013, the Plaintiff went to work for his regularly scheduled shift at the Defendants' club. As he entered the Defendants' business premises, he was approached by FLOREZ, the Defendants' general manager, as well as another of the Defendants' lower-level club managers. FLOREZ and the other manager, who were working on behalf of the other Defendants, informed the Plaintiff that as a result of the Plaintiff having complained through a letter about not being paid overtime and minimum wages, as aforesaid, the Plaintiff's employment was being terminated by the Defendants.

20. Defendants paid Plaintiff, ROSARIO no hourly rate for his work hours. He was paid nothing as wages, and thus, paid him below the federal and state minimum wage.

21. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

22. Plaintiff realleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

24. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

25. Plaintiff worked hours for the Defendants for which he was paid below the FLSA statutory minimum wage.  To be sure, the Defendants paid the Plaintiff nothing as wages.

26. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in his favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest;

e. declaratory relief pursuant to the FLSA finding that Plaintiff, was not paid minimum wage for all hours worked as required by the Act;

 f. judgment for all amounts which the Plaintiff paid to the Defendants which prevented Plaintiff from being paid the minimum wage "free and clear"; and,

 f. all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION 448,110 FLA.  STATUTES

### (FLORIDA MINIMUM WAGE VIOLATION)

27. Plaintiff, ROSARIO realleges Paragraphs 1 through 21 as if fully stated herein.

28. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay ROSARIO at least the applicable Florida minimum wage.

29. During Plaintiff, ROSARIO's employment, Defendants willfully paid him less than the statutory minimum wage for his work hours.

30. WHEREFORE, Plaintiff, ROSARIO, respectfully requests that judgment be entered in his favor against the Defendants:

 a. Declaring that Defendants violated Article X §24 of the Florida Constitution and Section 448.110 Florida Statutes, insofar as failing to pay Plaintiff at or above the minimum wage;

 b. Awarding Plaintiff all back wages due and owing;

 c. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

 d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

 e. Awarding Plaintiff prejudgment and post-judgment interest;

    f.      Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

    g.      declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

    h.      Awarding such other and further relief this Court deems to be just and proper

## COUNT III

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

31. Plaintiff, ROSARIO, repeats and realleges Paragraphs 1 through 21 as if fully set forth herein.

32. Plaintiff, ROSARIO's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

33. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, ROSARIO, was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

34. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, ROSARIO, intends to obtain these records by appropriate discovery proceedings to be taken

promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

35. Defendants knew of and/or showed a willful disregard for the provision of the FLSA as evidenced by their failure to compensate Plaintiff, ROSARIO, at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

36. Defendants failed to properly disclose or apprise Plaintiff, ROSARIO, of his rights under the FLSA.

37. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff, ROSARIO, is entitled to liquidated damages pursuant to the FLSA.

38. Due to the unlawful acts of the Defendants, Plaintiff, ROSARIO, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

39. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, ROSARIO, respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  e. Awarding Plaintiff post-judgment interest; and

  f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT IV

### RETALIATION IN VIOLATION OF 29 U.S.C. § 215, THE FLORIDA MINIMUM WAGE AMENDMENT, AND SECTION 448.110, FLORIDA STATUTES

36. Plaintiff, ROSARIO realleges Paragraphs 1 through 21 as if fully stated herein.

37. Plaintiff, ROSARIO engaged in statutorily protected activity when he complained to the Defendants about the Defendants' violations of federal and state wage and hour laws—specifically the right to be paid minimum wages and overtime, respectively.

38. Pursuant to 29 U.S.C. § 215, the FMWA and Fla. Stat. §448.110, Plaintiff, ROSARIO was entitled to engage in protected activities and assert rights without retaliation.

39. On September 21, 2013, the Defendants terminated Plaintiff, ROSARIO for his having engaged in statutorily protected conduct, namely, complaining about the fact that the Defendants failed to pay overtime and minimum wages in conformance with the FLSA, Article X, Section 24, Fla. Const., and Section 448.110 Florida Statutes.

40. A causal link exists between the Defendants' decision to terminate Plaintiff and Plaintiff, ROSARIO engaging in statutorily protected activities.

41. Defendants' actions were not for a legitimate, non-retaliatory reason.

WHEREFORE, Plaintiff, ROSARIO, respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants retaliated against Plaintiff, ROSARIO, asserting and engaging in protected conduct under the FLSA, FMWA and Section 448.110 Florida Statutes;

b. Declaring that Defendants violated the FLSA, the FMWA and Fla. Stat. §448.110;

c. Awarding Plaintiff, ROSARIO, back pay and front pay (through age 65), respectively, in the amount calculated;

d. Awarding Plaintiff liquidated damages in the amount calculated;

e. Awarding Plaintiff post-judgment interest;

f. Awarding Plaintiff compensatory damages for emotional pain, suffering and humiliation;

g. Awarding Plaintiff equitable relief;

h. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to the FLSA, the FMWA and Fla. Stat. §448.110;

i. Ordering reinstatement, and injunctive relief preventing Defendants from discriminating in the manner described above; and,

j. Ordering any other and further relief this Court deems to be just and proper.

## COUNT V – UNJUST ENRICHMENT

42. Plaintiff hereby incorporates paragraphs 1 through 21 by reference as if fully set forth herein.

43. Defendants unjustly and illegally enriched themselves at the Plaintiff's expense, denying the Plaintiff his earned minimum wages, overtime pay, and by charging the Plaintiff $25.00 for each shift Plaintiff worked.

44. By refusing to pay Plaintiff any wages for hours worked, including overtime pay, and charging Plaintiff fees to work as a disc jockey, Defendants were unjustly enriched at the expense of and to the detriment of Plaintiff.

45. Defendants' retention of any benefit collected directly and indirectly violated principles of justice, equity, and good conscience when they refused to pay Plaintiff any wages, and required Plaintiff to unreasonably pay Defendants a $25.00 per-shift fee in order to work. As a result of the $25.00 per shift fee that Plaintiff had to pay to the Defendants, a benefit was conferred upon the Defendants, with the Defendants' appreciation of that benefit.

46. It would be inequitable for Defendants to have the benefit (*i.e.,* Plaintiff's $25.00 per shift fee) without paying the value of it.

47. Plaintiff is entitled to recover from Defendants all amounts that Defendants have wrongfully and improperly obtained, and Defendants should be required to disgorge to Plaintiff the benefit they have unjustly obtained.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award him all relief allowed by law and equity, including but not limited to the following:

a. Judgment against Defendants for all amounts previously paid by the Plaintiff to the Defendants;

b. judgment for all amounts which the Plaintiff paid to the Defendants which prevented Plaintiff from being paid the minimum wage "free and clear";

c. Declaratory relief and other appropriate equitable relief, including, but not limited to, injunctive relief;

d. Pre-judgment and post-judgment interest at the lawful rate;

e. Attorneys' fees and costs as allowed by law;

f. Such further relief as justice requires.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  September 30, 2013.

                                                            Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, Florida  33020
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/. Peter J. Bober
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248

12