```
 1              IN THE UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
 2                            MIAMI
                     CASE NO. 13-CV-23429
 3    _____

 4     MITCHELL ROSARIO,
                     Plaintiff
 5         vs.                         Friday, January 30, 2015
       12425, INC., D/B/A STIR CRAZY;
 6     LAURA INSUA; MANUEL H. INSUA;
       AND HERIBERTO FLOREZ,
 7                   Defendants.

 8    _____

 9                         JURY CHARGE

10         BEFORE THE HONORABLE ALICIA M. OTAZO-REYES,

11       UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
      _____
12
                        A P P E A R A N C E S
13
      FOR THE PLAINTIFF:      Samara Robbins Bober, ESQ
14                            Peter J.M. Bober, ESQ
                              Bober and Bober, PA\
15                            1930 Tyler Street
                              Hollywood, FL  33020
16                            (954) 922-2298
                              Samara@boberlaw.com
17                            Peter@boberlaw.com

18    FOR THE DEFENDANT:      DAVID M. McDONALD, ESQ
                              JARED McLUSKEY, ESQ
19                            McLuskey & McDonald
                              8821 SW 69th Ct
20                            Miami, FL  33156
                              (305) 662-6160
21                            Dmcdonald@mmlawmiami.com
                              Jared@mmlawmiami.com
22
      REPORTED BY:            GIZELLA BAAN-PROULX, RPR, FCRR
23                            United States Court Reporter
                              400 North Miami Avenue, Suite 8S32
24                            Miami  FL  33128
                              (305) 523-5294
25                            gizella_baan-proulx@flsd.uscourts.gov
```

## P R O C E E D I N G S

*(The following proceedings were held in open court.)*

**THE COURTROOM DEPUTY:** All rise. The United States District Court for the Southern District of Florida is now in session. The Honorable Alicia Otazo-Reyes presiding.

**THE COURT:** All right. My clerk handed you, I noticed we had a little missing per hour in the minimum wage instruction so that page substitutes. It's just that for 2014 it only said the amount. It didn't say per hour.

Now Ms. Bober, you had something you wanted to address to the Court.

**MRS. ROBBINS-BOBER:** Yes, Your Honor a couple of things with the instructions. This is on page 9 regarding the burdens. It is appropriate to have both --

**THE COURT:** I agree.

**MRS. ROBBINS-BOBER:** Both people have burdens.

**THE COURT:** I agree. I was going to bring that up because they do have the mitigation of damages defense so I need to put in something to that nature.

All right. What else?

**MRS. ROBBINS-BOBER:** And then with respect to the employers -- let me see where this one is. This is regarding the individual the economic realities test --

**THE COURT:** Yes.

**MRS. ROBBINS-BOBER:** -- instruction.

|    |    |
|----|----|
| 1  | **THE COURT**:  Yes. |
| 2  | **MRS. ROBBINS-BOBER**:  On number -- paragraph item |
| 3  | number 3 -- |
| 4  | **THE COURT**:  Yes. |
| 08:53  5 | **MRS. ROBBINS-BOBER**:  -- you need -- I would request |
| 6  | the Court add his -- after his task, compared to Stir Crazy's |
| 7  | investment.  Because the -- it's -- the jury has to compare |
| 8  | the relative investments of Mr. Rosario as opposed to Stir |
| 9  | Crazy.  We're comparing his laptop to all their equipment. |
| 08:54  10 | **THE COURT**:  Okay.  That is respectfully declined. |
| 11 | I told you I was going to track Judge Ungaro's language -- |
| 12 | come here, Trey -- and that's what I'm going to do.  All |
| 13 | right? |
| 14 | So I did not deviate from what she did in any one |
| 08:54  15 | of them.  Anything else? |
| 16 | **MRS. ROBBINS-BOBER**:  Yes.  With respect to |
| 17 | paragraph 6, I would request that the Court either substitute |
| 18 | the word important for integral or add integral or important. |
| 19 | In Mr. Rosario's deposition he had trouble |
| 08:54  20 | understanding that word until it was defined.  I think it's |
| 21 | the vocab. |
| 22 | **THE COURT**:  Again, I tracked Judge Ungaro's |
| 23 | language. |
| 24 | Anything else? |
| 08:55  25 | **MRS. ROBBINS-BOBER**:  Yes, Your Honor.  I would |

```
08:55   1   again request that the last sentence, it says, "Although the
        2   description the parties themselves give to their relationship
        3   is not controlling, substance governs over form."  I would
        4   request you put in Judge Ungaro's language, which is only to
        5   the extent it mirrors the realities of their working
        6   relationship.
        7            THE COURT:  All right.  Just a second.  Let me find
        8   that.  Tell me if you have anything else.
        9            MRS. ROBBINS-BOBER:  Also, I'd like to add the
08:56  10   language after that sentence, "The determination of an
       11   employment relationship does not depend on any one factor
       12   but" --
       13            THE COURT:  Hang on.  Hang on.  Stephanie found me
       14   the order.  All right.
08:56  15            What language are you alluding to in Judge
       16   Ungaro's?
       17            MRS. ROBBINS-BOBER:  She has language regarding --
       18            THE COURT:  What page?  Tell me what page.
       19            MRS. ROBBINS-BOBER:  It's either in the summary
08:56  20   judgement or the motion in limine.
       21            THE COURT:  Well, you just told me in the summary
       22   judgement.
       23            MRS. ROBBINS-BOBER:  No, I just said in the order.
       24            THE COURT:  We're short of time.
08:56  25            MRS. ROBBINS-BOBER:  Yes, Your Honor.
```

|       |    |                                                                           |
|-------|----|---------------------------------------------------------------------------|
|       | 1  | **THE COURT**: All right. If it's not in the summary                      |
|       | 2  | judgement order I'm not going to do it because that's what I              |
|       | 3  | was tracking.                                                              |
|       | 4  | **MRS. ROBBINS-BOBER**: So I would request that you                       |
| 08:57 | 5  | add the language, the determination of employment                         |
|       | 6  | relationship does not depend on any one factor, but on the                |
|       | 7  | circumstances of the whole activity. That's from Rutherford               |
|       | 8  | Food Corp.                                                                 |
|       | 9  | Just so the jury knows, it's not -- they're                               |
| 08:57 | 10 | supposed to consider all the elements. And it's not a one,                |
|       | 11 | two, three. It's not -- they can't look at any one factor.                |
|       | 12 | You have this --                                                          |
|       | 13 | **THE COURT**: I'm sorry. Look, the language here,                        |
|       | 14 | "You should answer this question in light of the economic                 |
| 08:57 | 15 | realities of the entire relationship between the parties.                 |
|       | 16 | There are a number of factors you must consider based on all              |
|       | 17 | the evidence in the case namely," and that's the list of                  |
|       | 18 | factors. So I think that is sufficient.                                   |
|       | 19 | **MR. McDONALD**: That sentence covers it.                                |
| 08:57 | 20 | **THE COURT**: Yes, ma'am. Go on. Anything else?                          |
|       | 21 | What was the other thing you wanted on that?                              |
|       | 22 | **MRS. ROBBINS-BOBER**: Then moving to the next                           |
|       | 23 | instruction regarding individual employer status. After the               |
|       | 24 | last paragraph I had requested the language --                            |
| 08:58 | 25 | **THE COURT**: Yes, you requested it, I considered it,                    |

1  I decided not to give it.
2          MRS. ROBBINS-BOBER: Okay. And on the next page
3  the last sentence it says, "Rather, you are required to
4  consider all circumstances when determining whether a
5  particular individual had sufficient operational control,"
6  and then if you're going to repeat that, you should also say,
7  "Or direct responsibility for the supervision of employees."
8          THE COURT: I thought that came from your language.
9  That comes exactly from your language.
10         MR. McDONALD: I objected to it and I saw Your
11 Honor put it in. If counsel doesn't want it, I'm fine with
12 it.
13         THE COURT: Well, she wants to add even more to it.
14         MR. McDONALD: Correct.
15         THE COURT: It's what you had requested.
16         MRS. ROBBINS-BOBER: That's fine then.
17         THE COURT: Anything else at this time?
18         MRS. ROBBINS-BOBER: Your Honor, I just had a
19 concern with the stipulation regarding the hours. There is
20 that language which is not to be used as an admission of
21 liability or waiver by any party of any defenses.
22         THE COURT: That's your agreed -- that's what you
23 submitted and that's what you agreed to, you know, these
24 eleventh hour changes.
25         MR. McDONALD: If it wasn't there, the jury could

```
                1    infer that there was some concession.
                2            THE COURT:  It's what you all agreed to before.
                3    You can't keep changing things.
                4            MRS. ROBBINS-BOBER:  With respect to the industry
       09:00    5    custom instruction, which I see you inserted --
                6            THE COURT:  Yes, that is my instruction.  That's
                7    what I decided would be appropriate.
                8            MRS. ROBBINS-BOBER:  Okay.  So you're denying my
                9    request that an employer cannot rely on industry custom
       09:00   10    alone?
               11            THE COURT:  Well, that's -- basically I think that
               12    is covered by the fact that industry custom cannot override
               13    the right and then that industry custom is only relevant to
               14    willfulness.  I believe I covered the concepts that way.
       09:00   15            All right.  No more argument.  Your objections are
               16    preserved.
               17            MRS. ROBBINS-BOBER:  Thank you.
               18            MR. McDONALD:  Your Honor, I have one thing to
               19    bring up with the Court.  Counsel just handed me some
       09:00   20    demonstrative aids.
               21            THE COURT:  Hold on.  Let's finish with the jury
               22    instructions first.
               23            MR. McDONALD:  I thought we were done, I'm sorry.
               24            MRS. ROBBINS-BOBER:  With respect to the verdict
       09:01   25    form --
```

```
 1              THE COURT:  Yes.
 2              MRS. ROBBINS-BOBER:  -- paragraph three, it just
 3   needs -- I would request the Court add FLSA or FMLA.  I'm
 4   sorry, not FMLA.  FMWA.
 5              THE COURT:  Well, again, that's what you all asked
 6   for before.  Do you have a problem with that, Mr. McDonald?
 7              MR. McDONALD:  No, Your Honor.  I don't have a
 8   problem with it.  In fact, that is what we submitted and
 9   Ms. Bober yesterday said it was all-encompassed under that so
10   that's why it was done that way.
11              THE COURT:  So or FMWA prohibited his or its
12   conduct.  Okay.  I'll make that change.
13              What else?
14              MRS. ROBBINS-BOBER:  And the final one, on
15   paragraph 8 there's additional language, "That you find by a
16   preponderance of the evidence," that's already stated at the
17   beginning of the verdict form.
18              THE COURT:  Well, that's okay.  It doesn't hurt to
19   have it again.
20              What else?
21              MRS. ROBBINS-BOBER:  Nothing further.
22              THE COURT:  Okay.
23              MR. McDONALD:  Your Honor, counsel just handed me
24   this morning some demonstrative aids that they want to use
25   for the jury as far as wage calculations which I don't have a
```

```
 1  problem with.  However, she informs me that she now wants to
 2  introduce them into evidence so the jury can take them
 3  back with them and I would object.
 4          THE COURT:  No.  Demonstratives don't go to the
 5  jury room.
 6          MR. McDONALD:  I don't want them to say they're
 7  going to have it and then they don't have it.
 8          THE COURT:  No.  Demonstratives don't go into the
 9  jury room.
10          What else?
11          Now when I fix this, I will just put in the pattern
12  for both burdens, then I put numbers at the bottom of each
13  page.  So once you get the final set, do that also.  All
14  right.
15          I'll come back in with the corrected and my clerk
16  should be able to come in from the back and give you the
17  replacement pages.
18          (Thereupon, there was a brief pause.)
19          THE COURTROOM DEPUTY:  All rise.  The Court is
20  again in session.
21          THE COURT:  Are we all ready?
22          MRS. ROBBINS-BOBER:  We're just waiting on a copy
23  of the verdict form.
24          THE COURT:  He's bringing that in and he'll bring
25  it in from the back.
```

```
 1          MRS. ROBBINS-BOBER:  For the computer, we just need
 2    need a moment to set that up.
 3
 4    *     *     *     *     *     *     *     *     *     *     *
 5        (Thereupon, proceedings were held but not transcribed.)
 6    *     *     *     *     *     *     *     *     *     *     *
 7
 8
 9       (Thereupon, the above portion of the trial was concluded.)
10
11                         *          *          *
```

```
```
# C E R T I F I C A T E

I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

2-9-2015

_____  _____

DATE COMPLETED   GIZELLA BAAN-PROULX, RPR, FCRR