UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-23429-CIV-OTAZO-REYES

CONSENT CASE

MITCHELL ROSARIO,

       Plaintiff,

vs.

12425, INC., a Florida for-profit corporation
d/b/a STIR CRAZY, LAURA INSUA,
MANUEL H. INSUA and
HERIBERTO FLOREZ,

       Defendants.
_____/

## ORDER DENYING MOTION FOR LIQUIDATED DAMAGES

THIS CAUSE came before the Court upon Plaintiff Mitchell Rosario's ("Plaintiff") Motion for Imposition of Liquidated Damages Against Defendants Heriberto Florez ("Florez") and 12425, Inc. d/b/a/ Stir Crazy ("Stir Crazy") as to Retaliation Claim (hereafter, "Motion for Liquidated Damages") [D.E. 142]. For the reasons stated below, the Court denies the Motion for Liquidated Damages.

## PROCEDURAL BACKGROUND

Plaintiff, a former disc jockey at Stir Crazy, brought this case against Florez, Stir Crazy, Laura Insua ("L. Insua"), and Manuel H. Insua ("M. Insua") (collectively, "Defendants") asserting claims for:

    (1) Minimum wage and overtime pay allegedly due to him as an employee of Defendants, pursuant to the Fair Labor Standards Act (hereafter, "FLSA"), and the Florida Minimum Wage Amendment and the Florida Minimum Wage Act (collectively hereafter, "Florida Wage Law").

    (2) Retaliation, in the form of termination from his disc jockey position at Stir Crazy after his attorney demanded the payment of minimum wage and overtime pay,

pursuant to the FLSA and the Florida Wage Law.

(3) Unjust enrichment, predicated on a $25 fee he was required to pay to Stir Crazy for each shift that he worked as a disc jockey.

The case was tried to a jury. Defendants contended that Plaintiff was an independent contractor, hence not subject to the minimum wage and overtime pay requirements of the FLSA and the Florida Wage Law. On January 30, 2015, the jury found that Plaintiff was not an employee of Stir Crazy, which disposed of the claim for minimum wage and overtime pay. See Verdict Form [D.E. 133 at ¶ 1]. The jury also found for Defendants on the unjust enrichment claim. Id. at ¶ 7. As to the retaliation claim, the jury returned a verdict for Plaintiff against Florez and Stir Crazy only, but found that none of the Defendants acted willfully. Id. at ¶¶ 4, 5. The jury awarded Plaintiff damages in the amount of $20,553.65, representing lost wages and benefits. Id. at ¶ 8. Plaintiff asks the Court to award him liquidated damages in an equal amount and enter judgment for double the amount of the jury verdict. For the reasons stated below, the Court denies Plaintiff's request.

## APPLICABLE LAW

### 1. *Liquidated damages for retaliation under the FLSA*

The FLSA provides that it is

> unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3). The FLSA further provides:

> Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

2

29 U.S.C. § 216(b).

Interpreting this statutory language, the Eleventh Circuit has ruled that, with regard to retaliation claims, the FLSA gives courts "discretion to award, or not to award, liquidated damages, after determining whether doing so would be appropriate under the facts of the case." Moore v. Appliance Direct, Inc., 708 F.3d 1233, 1243 (11th Cir. 2013).

### 2. *Liquidated damages for retaliation under the Florida Wage Law*

Article X, Section 24 of the Florida Constitution (the Florida Minimum Wage Amendment) provides, in pertinent part:

> **(d) Retaliation prohibited.** It shall be unlawful for an Employer or any other party to discriminate in any manner or take adverse action against any person in retaliation for exercising rights protected under this amendment. Rights protected under this amendment include, but are not limited to, the right to file a complaint or inform any person about any party's alleged noncompliance with this amendment, and the right to inform any person of his or her potential rights under this amendment and to assist him or her in asserting such rights.

Fla. Const., art. X, § 24. Florida Statutes Section 448.110 (the Florida Minimum Wage Act) provides, in pertinent part:

> (2) The purpose of this section is to provide measures appropriate for the implementation of s. 24, Art. X of the State Constitution, in accordance with authority granted to the Legislature pursuant to s. 24(f), Art. X of the State Constitution. . . .
>
> ***
>
> (5) It shall be unlawful for an employer or any other party to discriminate in any manner or take adverse action against any person in retaliation for exercising rights protected pursuant to s. 24, Art. X of the State Constitution. Rights protected include, but are not limited to, the right to file a complaint or inform any person of his or her potential rights pursuant to s. 24, Art. X of the State Constitution and to assist him or her in asserting such rights.
>
> ***
>
> (6) (c) 1. Upon prevailing in an action brought pursuant to this section, aggrieved

3

persons shall recover the full amount of any unpaid back wages unlawfully withheld plus the same amount as liquidated damages and shall be awarded reasonable attorney's fees and costs. As provided under the federal Fair Labor Standards Act, pursuant to s. 11 of the Portal-to-Portal Act of 1947, 29 U.S.C. s. 260, if the employer proves by a preponderance of the evidence that the act or omission giving rise to such action was in good faith and that the employer had reasonable grounds for believing that his or her act or omission was not a violation of s. 24, Art. X of the State Constitution, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed an amount equal to the amount of unpaid minimum wages. The court shall not award any economic damages on a claim for unpaid minimum wages not expressly authorized in this section.

2. Upon prevailing in an action brought pursuant to this section, aggrieved persons shall also be entitled to such legal or equitable relief as may be appropriate to remedy the violation, including, without limitation, reinstatement in employment and injunctive relief. However, any entitlement to legal or equitable relief in an action brought under s. 24, Art. X of the State Constitution shall not include punitive damages.

Fla. Stat. § 448.110.

## **DISCUSSION**

Plaintiff concedes, as he must, that the award of liquidated damages for a retaliation claim brought pursuant to the FLSA is discretionary. Moore, 708 F.3d at 1243. In this case, the jury found that Plaintiff was not an employee of Stir Crazy. Moreover, while the jury found that Florez and Stir Crazy retaliated against Plaintiff by terminating him from his disc jockey position at Stir Crazy after Plaintiff's attorney demanded the payment of minimum wage and overtime pay, the jury also found that none of the Defendants acted willfully. Considering these facts, the Court finds that an award of liquidated damages for the retaliation claim would not be appropriate to effectuate the purposes of the FLSA.

Notwithstanding his concession with respect to the FLSA, Plaintiff contends that the Court has no discretion and must award him liquidated damages for the retaliation claim under the Florida Wage Law. However, as noted above, the Florida Minimum Wage Act does provide

4

courts with discretion by affording aggrieved persons "such legal or equitable relief **as may be appropriate** to remedy the violation, including, without limitation, reinstatement in employment and injunctive relief." Fla. Stat. § 448.110(6)(c)(2) (emphasis added). And, given that the Florida Minimum Wage Act's purpose is to implement the Florida Minimum Wage Amendment, Fla. Stat. § 448.110(2), this discretion applies to both components of the Florida Wage Law. Having exercised its discretion to not award liquidated damages for the retaliation claim pursuant to the FLSA, the Court exercises the same discretion to not award liquidated damages for the same claim pursuant to the Florida Wage Law.[1]

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Liquidated Damages [D.E. 142] is DENIED. Final Judgment will be entered in favor of Plaintiff and against Stir Crazy and Florez, jointly and severally, in the amount of $20,553.65 as damages for the retaliation claim pursuant to the FLSA and the Florida Wage Law.

DONE AND ORDERED in Chambers in Miami, Florida, on this 23rd day of February, 2015.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

---

[1] Plaintiff also argues that, while the defense of good faith is available under the Florida Minimum Wage Act, Fla. Stat. § 448.110(6)(c)(1), it is not available under the Florida Minimum Wage Amendment. See Motion for Liquidated Damages [D.E. 142 at 5]. Again, given that the Florida Minimum Wage Act's purpose is to implement the Florida Minimum Wage Amendment, the Act's provisions apply to the Amendment. Plaintiff further argues that Defendants waived the good faith defense. Id. However, the Court is not applying the good faith defense in deciding not to award liquidated damages under the Florida Wage Law. Rather, the Court is exercising its discretion to determine the appropriate relief for the retaliation claim as provided by Fla. Stat. § 448.110(6)(c)(2).